# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| **RODNEY LEE COLE,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | No. 3:18-cv-0497 |
| ) | Judge Aleta A. Trauger |
| **ROBERTSON COUNTY SHERIFF'S** ) | |
| **DEPARTMENT, JOSH WILEY, and** ) | |
| **TOMISHA JONES,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM

Plaintiff Rodney Lee Cole has filed a Complaint (Doc. No. 1) and a supplemental pleading (Doc. No. 4) naming as defendants the Robertson County Sheriff's Department ("RCSD") and Sheriff's Deputies Josh Wiley and Tomisha Jones. The plaintiff's claims are premised upon the fatal shooting of Cole's son, also named Rodney Cole ("Rodney Junior"), by Wiley and Jones at an incident that occurred while Rodney Junior, then in the custody of the RCSD, was being escorted by Wiley and Jones to a medical appointment. Because the plaintiff proceeds *in forma pauperis*, the Complaint is before the court for an initial review pursuant to 28 U.S.C. § 1915(e)(2).

## I.      Standard of Review

By law, the court must conduct an initial review of any civil complaint filed *in forma pauperis*. 28 U.S.C. § 1915(e)(2). Upon conducting this review, the court must dismiss the complaint, or any portion thereof, that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. *Id.* The

Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under [that statute] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010).

Thus, in reviewing the complaint to determine whether it states a plausible claim, "a district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). The court must then consider whether those factual allegations, accepted as true, "plausibly suggest an entitlement to relief." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). The court "need not accept as true legal conclusions or unwarranted factual inferences." *DirectTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). (quoting *Gregory v. Shelby Cnty.*, 220 F.3d 433, 446 (6th Cir. 2000)). "[L]egal conclusions masquerading as factual allegations will not suffice." *Eidson v. State of Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007).

A "*pro se* complaint . . . must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Even under this lenient standard, *pro se* plaintiffs must meet basic pleading requirements. *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004).

**II.  Factual Allegations**

The plaintiff states that his son, Rodney Junior, was fatally shot by Josh Wiley and Tomisha Jones. The plaintiff acknowledges that it was reported that Rodney Junior attacked

Wiley with a screw driver, supposedly also briefly obtained a firearm from Jones, and was killed in a shootout with the officers. The plaintiff appears to refute the official story of how the incident occurred. He insists that no DNA was found on the screwdriver and no gun residue on Rodney Junior, even though he was alleged to have obtained Jones's firearm. There is also no indication of how Rodney Junior obtained the screwdriver in the first place. At the time of the alleged attack, Rodney Junior was handcuffed and had shackles on his legs. The plaintiff characterizes the shooting of his son seventeen times as "overkilling" (Doc. No. 1, at 1), "mayhem killing" (*id.* at 4), negligence (*id.* at 5), and "mayhem murder" (*id.*; Doc. No. 4, at 1).

The plaintiff insists that the officers involved in the shooting were negligent and that they "should be trained." (Doc. No. 4, at 2.) The plaintiff also maintains that his son was not a violent person, had no record of previous acts of violence, and was an "easy going person." (*Id.*) The plaintiff seeks damages for "mental stress and anguish," "negligent killing," and "pain and suffering."

### III. Discussion

The plaintiff does not identify the basis for this court's jurisdiction, but, construing the Complaint broadly, the court understands the plaintiff's allegations of "overkilling" and "mayhem killing" as attempting to state a claim on behalf of his deceased son's estate under 42 U.S.C. § 1983, based on the alleged use of excessive force by Wiley and Jones in responding to Rodney Junior's alleged use of force and based on the RCSD's failure to adequately train Wiley and Jones.

In order to state a claim under § 1983, a plaintiff must plead two elements: "(1) deprivation of a right secured by the Constitution of laws of the United States (2) caused by a person acting under color of state law." *Hunt v. Sycamore Cmty. Sch. Dist. Bd. of Educ.*, 542

F.3d 529, 534 (6th Cir. 2008) (citing *McQueen v. Beecher Cmty. Sch.*, 433 F.3d 460, 463 (6th Cir. 2006)).

    A.    **Claims against Wiley and Jones**

Wiley and Jones, as sheriff's deputies, are state actors, and they are alleged to have used excessive force in responding to the incident involving Rodney Junior, in violation of his rights under either the Eighth or Fourteenth Amendment to the United States Constitution, depending on his status as a prisoner or pretrial detainee at the time the incident occurred. Accepting as true the plaintiff's allegations, as the court must in conducting this initial review, the court finds that he has alleged facts that, if true, suggest that the killing of Rodney Cole was unnecessary and that defendants Wiley and Jones used excessive force against him.

The next question is whether the plaintiff has standing to bring claims based on defendants' use of excessive force against his son. First, courts generally recognize that a cause of action under § 1983 "is a personal action cognizable only by the party whose civil rights ha[ve] been violated." *Jaco v. Bloechle*, 739 F.2d 239, 242 (6th Cir. 1984). In other words, an individual typically cannot bring suit under § 1983 based on violations of a third person's constitutional rights. *See Warth v. Seldin*, 422 U.S. 490, 499 (1975) ("[T]he plaintiff must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties."). The courts recognize an exception to this rule, however, in that an individual's estate, which steps into the shoes of a deceased party, may prosecute a § 1983 claim on behalf of the decedent. *See, e.g.*, *Claybrook v. Birchwell*, 199 F.3d 350, 357 (6th Cir. 2000) ("[O]nly the purported victim, or his estate's representative(s), may prosecute a section 1983 claim."). Although the case caption and the body of the Complaint do not expressly state that the plaintiff is bringing suit on behalf of his son's estate, the factual allegations in the Complaint,

broadly construed, are adequate to support the conclusion that such is his intention.

Another wrinkle presented by this case is that the plaintiff seeks to bring suit *pro se* on behalf of his son's estate. Generally, while 28 U.S.C. § 1654 permits individual parties to "plead and conduct their own cases personally or by counsel," this provision does not authorize a non-attorney to bring suit on behalf of a third person. *See Coleman v. Indymac Venture, LLC*, 966 F. Supp. 2d 759, 767 (W.D. Tenn. 2013) (adopting report & recommendation) ("The federal courts have long held that Section 1654 preserves a party's right to proceed *pro se*, but only on his own claims; only a licensed attorney may represent other persons."). Thus, for example, while a parent may bring suit on behalf of a minor child, he or she may not do so *pro se*—the parent can only bring suit on behalf of the minor child through an attorney. *See Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002) ("[P]arents cannot appear *pro se* on behalf of their minor children because a minor's personal cause of action is her own and does not belong to her parent or representative.").

In this case, however, although the plaintiff proceeds without counsel and seeks to bring a § 1983 claim based on a violation of his son's constitutional rights, it appears that he may have authority and standing under Tennessee law to bring a *pro se* suit on behalf of the decedent's estate. *See Beard v. Branson*, 528 S.W.3d 487, 490 (Tenn. 2017) (holding that the *pro se* complaint filed by a decedent's surviving spouse under Tennessee's wrongful death statutes was not void *ab initio* because the surviving spouse "was acting to a large extent on his own behalf and for his own benefit pursuant to his right of self-representation"); *Shepherd*, 313 F.3d at 970 (suggesting that an individual could not bring a *pro se* action on behalf of the decedent's estate only because he was "not the sole beneficiary of the decedent's estate"). For purposes of this initial review at least, the court presumes that the plaintiff is a valid representative of his son's

estate and, therefore, has standing to bring suit *pro se* on behalf of the estate.

In addition, the plaintiff clearly has standing to bring *pro se* supplemental state law claims for loss of consortium under the state's wrongful death laws. *Accord Thurmon v. Sellers*, 62 S.W.3d 145, 161 (Tenn. Ct. App. 2001) (holding that a parent may bring a loss of consortium claim based on the wrongful death of a child).

B.  **Claims against RCSD**

The plaintiff also names the RCSD as a defendant. Sheriffs' offices and police departments are not bodies politic and, therefore, are not persons within the meaning of § 1983. *See Petty v. Cnty. of Franklin, Ohio*, 478 F.3d 341, 347 (6th Cir. 2007) (a sheriff's office is not a legal entity that can be sued under § 1983); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) (a police department is not a person for purposes of § 1983).

Because the plaintiff proceeds *pro se*, the court broadly construes the claims against the RCSD as claims against Rutherford County itself. *Accord Morrow v. Montgomery Cnty. Sheriff's Dep't*, No. 3:12-CV-00801, 2012 WL 3561069, at *2 (M.D. Tenn. Aug. 16, 2012). In order to bring a Section 1983 claim against a county, the plaintiff must allege that the violations of his constitutional rights stemmed from a county policy, regulation, decision, custom, or the tolerance of a custom of such violations. Otherwise, a § 1983 claim will not lie. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989); *Monell v. Dep't of Soc' Servs.*, 436 U.S. 658, 690–91 (1978); *Doe v. Claiborne Cnty., Tenn.*, 103 F.3d 495, 507–09 (6th Cir. 1996).

Other than a broad assertion that Officers Wiley and Jones "should be trained" (Doc. No. 4, at 2), the Complaint (as supplemented) does not contain any factual allegations implicating the county or the sheriff's department, and no allegations at all suggesting that the death of Rodney Junior resulted from a county-wide custom or policy. The court finds that the Complaint fails to

state a § 1983 claim against Rutherford County.

The assertion that the officers "should be trained" might be construed as asserting that the county negligently failed to train the officers. However, to the extent that the claim arises from the same facts and circumstances as the § 1983 claims against the officers, the court finds that such a claim would be barred by the Tennessee Governmental Tort Liability Act ("TGTLA"). *Accord Johnson v. City of Memphis*, 617 F.3d 864, 872 (6th Cir. 2011) (holding the TGTLA "preserves immunity for suits claiming negligent injuries arising from civil rights violations," that is, where the same circumstances give rise to both the negligence and civil rights claims); *Warren v. Metro. Gov't of Nashville*, No. 3:14-CV-2373, 2015 WL 3417844, at *8 (M.D. Tenn. May 27, 2015) (Trauger, J.) (holding that a negligence claim against Metro, arising from the same facts as the excessive force claim against individual officers, was barred by the TGTLA's retention of municipal immunity for injuries arising from civil rights); *Dillingham v. Millsaps*, 809 F. Supp. 2d 820, 852–53 (E.D. Tenn. Aug. 10, 2011) (same). Any state law negligence claim against the county arising from the same facts as the civil rights claims against Wiley and Jones is therefore subject to dismissal as well.

**IV. Conclusion**

For the reasons set forth herein, the court will direct that the Complaint be served on defendants Wiley and Jones but will dismiss the claims against the RCSD. An appropriate order is filed herewith.

ENTER this 6th day of July 2018.

ALETA A. TRAUGER
United States District Judge