UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

RODNEY LEE COLE,

    Plaintiff,

v.

ROBERTSON COUNTY SHERIFF'S
DEPARTMENT, et al.,

    Defendants.

Case No. 3:18-cv-00497

Judge Aleta A. Trauger
Magistrate Judge Alistair E. Newbern

To:    The Honorable Aleta A. Trauger, District Judge

## REPORT AND RECOMMENDATION

This action stems from the death of pro se and *in forma pauperis* Plaintiff Rodney Lee Cole's son, Rodney Cole, Jr.[1] (Doc. No. 1.) On June 28, 2017, Cole's son was shot to death by deputies of the Rutherford County Sheriff's Department (RCSD) while in their custody at a Vanderbilt medical facility. (*Id.*) Cole brings excessive force claims under 42 U.S.C. § 1983 on behalf of his son's estate against those deputies, Defendants Josh Wiley and Tomisha Jones. (Doc. Nos. 1, 8, 9.) Cole also asserts claims against them under Tennessee's wrongful death statute. (*Id.*) Wiley and Jones have filed a motion for summary judgment in which they argue that Cole's claims fail on the merits. (Doc. Nos. 16, 17.) That motion has been fully briefed. (Doc. Nos. 20, 21, 24.)

On November 5, 2019, the Court found that, before it could reach the merits of the motion for summary judgment, it had to determine whether Cole is the proper party to pursue the claims he asserts on behalf of his son's estate and, if so, whether he can do so pro se. (Doc. No. 27.) The

---

[1] This Report and Recommendation will refer to Plaintiff Rodney Lee Cole as "Cole" and Rodney Cole, Jr., as "Cole's son."

Court ordered Cole to produce information necessary to making that determination. (*Id.*) After Cole responded without providing the needed information (Doc. No. 28), the Court ordered that, if Cole wished to pursue § 1983 claims in this action, he had to retain counsel by January 10, 2020 (Doc. No. 29). The Court warned Cole that failure to obtain counsel could result in a recommendation that his claims be dismissed without prejudice for failure to prosecute. (*Id.*) On January 10, 2020, Cole filed a notice stating that he had been unable to retain counsel and that he expected that his case would be dismissed. (Doc. No. 31.)

Cole has not shown that he can prosecute the § 1983 claims he asserts on behalf of his son's estate pro se, and he did not meet the Court's deadline to retain counsel. Accordingly, and for the reasons that follow, the Magistrate Judge will recommend that Cole's § 1983 claims be dismissed without prejudice for failure to prosecute under Federal Rule of Civil Procedure 41(b); that the Court decline to exercise supplemental jurisdiction over Cole's state-law wrongful death claims; and that the defendants' motion for summary judgment be found moot.

**I.     Factual and Procedural Background**

Cole filed this action pro se on May 29, 2018, seeking damages for the fatal shooting of his son. (Doc. No. 1.) On the day he died, Cole's son was in the custody of the RCSD and had been taken to a Vanderbilt medical facility to receive medical care. (*Id.*) Cole questions the official narrative of his son's death, which is that RCSD Deputies Wiley and Jones shot Cole's son in a medical center bathroom after he attacked Wiley with a screwdriver and grabbed an officer's gun. (*Id.*) Cole alleges that his son's DNA was not found on the screwdriver and that there was no gun residue on his son's body after he was shot to death. (*Id.*) Cole further alleges that his son was handcuffed and in leg shackles during the altercation. (*Id.*) Cole's complaint names Wiley, Jones, and the RCSD as defendants and alleges that their negligence caused his son's death. (*Id.*)

The Court screened Cole's complaint under 28 U.S.C. § 1915(e)(2) and construed it as asserting three claims on behalf of Cole's son's estate under 42 U.S.C. § 1983—excessive force claims against Wiley and Jones and a failure-to-train claim against the RCSD. (Doc. No. 8.) The Court also construed the complaint as asserting wrongful death claims under Tennessee law against all three defendants. (*Id.*) The Court dismissed all claims against the RCSD but allowed the claims against Wiley and Jones to proceed, finding that, "[f]or purposes of . . . initial review at least," the Court would "presume[ ] that [Cole] is a valid representative of his son's estate and, therefore, has standing to bring suit *pro se* on behalf of the estate." (*Id.* at PageID# 35–36.) The Court also assumed that Cole "has standing to bring *pro se* supplemental state law claims for loss of consortium under [Tennessee's] wrongful death laws." (*Id.* at PageID# 36.)

Wiley and Jones answered the complaint (Doc. No. 12) and have now moved for summary judgment (Doc. Nos. 16–18-2). After Cole failed to file a timely response to the summary judgment motion, the Court ordered him to show cause by May 16, 2019, why judgment should not be entered in the defendants' favor for the reasons stated in their motion or, alternatively, why Cole's claims should not be dismissed for his failure to prosecute his claims. (Doc. No. 19.) On April 29, 2019, Cole filed two notices in which he repeated many of the allegations of the complaint. (Doc. Nos. 20, 21.) He also filed an autopsy report and a lab report completed after his son's death. (Doc. No. 21-1.) The defendants objected to Cole's filings on grounds that Cole did not respond to their motion or their statement of undisputed material facts and argue that summary judgment is therefore appropriate. (Doc. Nos. 22, 24.) In additional filings, Cole again reiterates the allegations of his complaint. (Doc. Nos. 23, 25.)

The Court found that Cole's filings constituted a sufficient response to its show-cause order, but also found that, before it could reach the merits of the defendants' summary judgment
3

motion, it had to determine whether Cole is the appropriate person to prosecute the claims he asserts on behalf of his son's estate and, if so, whether he can prosecute those claims pro se. (Doc. No. 27.) The Court found that Cole's ability to prosecute § 1983 claims on behalf of his son's estate as a pro se party depends on whether Cole is the estate's sole beneficiary and whether the estate has any creditors, and that "'the superior right to bring a wrongful death action [under Tennessee law] falls first to a surviving spouse, then to any children, then to a parent, then to a sibling, [and] then to a grandparent.'" (*Id.* at PageID# 135 (quoting *Haynes v. Wayne Cty.*, No. M2016-01252-COA-R3-CV, 2017 WL 1421220, at *4 (Tenn. Ct. App. Apr. 19, 2017)).) The Court ordered Cole to submit proof by November 26, 2019, that he is the appropriate person under law to prosecute the claims he asserts, such as

> information as to whether an estate has been opened for his son and, if so, its beneficiaries and creditors; whether his son died with a will and, if so, its beneficiaries; or, if his son died without a will and no estate has been opened, his son's living immediate family members, including any spouse, children, parents, siblings, grandchildren, grandparents, aunts, and uncles.

(*Id.* at PageID# 136.) Cole's response to the Court's order did not include any of that information and, instead, sought to prove Cole's paternity. (Doc. No. 28.) Specifically, Cole provided an order from the Circuit Court of Davidson County, Tennessee, dated October 16, 1980, which granted his petition for legitimation and declared him to be Rodney Cole, Jr.'s father. (*Id.*)

On December 3, 2019, the Court found that Cole had not shown that he is the sole beneficiary of his son's estate and that the estate lacks creditors and therefore informed Cole that he had to "be represented by counsel to prosecute [the § 1983] claims." (Doc. No. 29, PageID# 142.) The Court gave Cole until January 10, 2020, to retain counsel, and warned him that failure to do so could lead to a recommendation that his § 1983 claims be dismissed without prejudice for failure to prosecute. (Doc. No. 29.) On that date, Cole filed a notice stating that he

had been unable to retain counsel.[2] (Doc. No. 31.) Cole states that the attorneys he consulted would not take the case because he lacked the resources to pay them or because they were otherwise uninterested. (*Id.*) Cole anticipates that his case will be dismissed, and he plans to appeal that dismissal. (*Id.*)

II.     **Cole's Failure to Prosecute the § 1983 Claims**

"Although 28 U.S.C. § 1654 provides that '[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel,' that statute does not permit plaintiffs to appear *pro se* where interests other than their own are at stake."[3] *Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002) (alteration in original) (quoting 28 U.S.C. § 1654). Applying that principle, the Sixth Circuit has held that a pro se party asserting § 1983 claims on behalf of an estate cannot proceed pro se if the estate has other beneficiaries. *Id.* at 970–71. Conversely, "the sole beneficiary of an estate without creditors may represent the estate pro se" because, in that circumstance, "the only person affected by a nonattorney's representation is the nonattorney [him]self." *Bass v. Leatherwood*, 788 F.3d 228, 230 (6th Cir. 2015). A pro se party's failure to retain counsel to bring § 1983 claims that implicate the rights of others may warrant dismissal of

---

[2]     Before filing this notice, Cole made another filing in which he reiterates his arguments concerning the merits of the claims he asserts. (Doc. No. 30.)

[3]     This rule is not inconsistent with Tennessee law governing wrongful death claims. In *Beard v. Branson*, the Tennessee Supreme Court had to decide whether the complaint in a wrongful death action filed pro se by the spouse of the deceased was a nullity where he was not the only statutory beneficiary to the claim and he ultimately amended the complaint to add counsel. 528 S.W.3d 487, 489–90 (Tenn. 2017). The defendants argued that the complaint was a nullity because it was filed pro se on behalf of other statutory beneficiaries and therefore constituted the unauthorized practice of law. *Id.* at 504. The court held that, although the plaintiff's initial pro se filing of the complaint was not a nullity because he "was acting primarily on his own behalf pursuant to his right of self-representation[,]" that filing was at best "partially proper[,]" and the trial court did not err in permitting the plaintiff to amend the complaint to add counsel. *Id.* at 505. Importantly, the court in *Beard* did not hold, or even suggest, that a party may prosecute wrongful death claims pro se when the interests of other statutory beneficiaries are at stake.

those claims for failure to prosecute under Rule 41(b). *See Shepherd*, 313 F.3d at 970–71; *see also Estate of Bessette v. Wilmington Tr., N.A.*, No. 17-1199, 2017 WL 3747204, at *1 (6th Cir. May 16, 2017) (dismissing mortgage foreclosure action brought by pro se plaintiff on behalf of estate where he had "not shown that he [was] the sole beneficiary of the Estate and the Estate lack[ed] creditors" and had not retained counsel).

Rule 41(b) "confers on district courts the authority to dismiss an action for failure of a plaintiff to prosecute the claim or to comply with the Rules or any order of the Court." *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008) (citing *Knoll v. AT&T*, 176 F.3d 359, 362–63 (6th Cir. 1999)); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962) (recognizing "the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief"); *Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013) ("It is well settled that a district court has the authority to dismiss sua sponte a lawsuit for failure to prosecute."). Dismissal for failure to prosecute is a tool for district courts to manage their dockets and avoid unnecessary burdens on opposing parties and the judiciary. *See Schafer*, 529 F.3d at 736 (quoting *Knoll*, 176 F.3d at 363). The Sixth Circuit thus affords district courts "substantial discretion" regarding decisions to dismiss for failure to prosecute. *Id.*

Courts look to four factors for guidance when determining whether dismissal under Rule 41(b) is appropriate: (1) the willfulness, bad faith, or fault of the plaintiff; (2) whether the defendant has been prejudiced by the plaintiff's conduct; (3) whether the plaintiff was warned that failure to cooperate could lead to dismissal; and (4) the availability and appropriateness of other, less drastic sanctions. *Knoll*, 176 F.3d at 363 (citing *Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 615 (6th Cir. 1998)). Under Sixth Circuit precedent, "none of the factors is outcome dispositive,"

but "a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct." *Id.* (citing *Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir. 1980)); *see also Muncy v. G.C.R., Inc.*, 110 F. App'x 552, 555 (6th Cir. 2004) (finding that dismissal with prejudice "is justifiable in any case in which 'there is a clear record of delay or contumacious conduct on the part of the plaintiff'" (quoting *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 591 (6th Cir. 2001))). Because dismissal without prejudice is a relatively lenient sanction as compared to dismissal with prejudice, the "controlling standards should be greatly relaxed" for Rule 41(b) dismissals without prejudice where "the dismissed party is ultimately not irrevocably deprived of his [or her] day in court." *Muncy*, 110 F. App'x at 556 (citing *Nwokocha v. Perry*, 3 F. App'x 319, 321 (6th Cir. 2001)); *see also* M.D. Tenn. R. 41.01 (dismissal of inactive cases) (allowing Court to summarily dismiss without prejudice "[c]ivil suits that have been pending for an unreasonable period of time without any action having been taken by any party").

Cole has failed to show that he is the only person with a legal interest in the § 1983 claims he asserts on behalf of his son's estate. In its show-cause order, the Court found that "Cole's ability to prosecute [those claims pro se] depends on whether Cole is the estate's sole beneficiary and whether the estate has any creditors" (Doc. No. 27, PageID# 135) and ordered Cole to provide information relevant to making that determination. Cole did not do so. (Doc. No. 28.) The Court found Cole's response inadequate and ordered him to retain counsel by January 10, 2020, if he wished to proceed with the § 1983 claims. (Doc. No. 29.) Considering Cole's failure to retain counsel by the deadline and the four factors relevant to the Rule 41(b) analysis, the § 1983 claims that Cole asserts on behalf of his son's estate should be dismissed without prejudice for failure to prosecute.

### A. Bad Faith, Willfulness, or Fault

A plaintiff's actions demonstrate bad faith, willfulness, or fault where they "display either an intent to thwart judicial proceedings or a reckless disregard for the effect of [plaintiff's] conduct on those proceedings." *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (quoting *Mulbah*, 261 F.3d at 591)). There is no indication that Cole's failure to retain counsel is the result of bad faith. However, courts have found that after a plaintiff has received an adequate opportunity to retain counsel to pursue claims that implicate the rights of others, the failure to do so supports dismissal of those claims under Rule 41(b). *See Shepherd*, 313 F.3d at 970 (affirming dismissal for failure to prosecute where plaintiffs "were given more than two years to obtain counsel" and the district court "even provided the plaintiffs with the names of several attorneys that might be willing to represent them"); *Simmons v. Boys & Girls Club of Greater Kalamazoo*, No. 1:10-cv-51, 2010 WL 3386021, at *1 (W.D. Mich. Aug. 24, 2010) (concluding that plaintiffs' claims brought on behalf their minor child should be dismissed for failure to prosecute where they were unable to retain an attorney despite receiving "ample opportunity" to do so); *Lownsberry v. Lees*, No. 06-CV-13602, 2007 WL 9770262, at *1–2 (E.D. Mich. Sept. 10, 2007) (finding that dismissal for failure to prosecute was warranted where plaintiff had not retained counsel to pursue claims on behalf of her son after being given 45 days to do so).

Here, Cole was unable to retain counsel after being afforded more than a month to do so. Cole has not argued that the time he was granted was inadequate or requested additional time to attempt to retain counsel. In these circumstances, this factor weighs in favor of dismissal. *See Simmons v. Boys & Girls Club of Greater Kalamazoo*, No. 1:10-cv-51, 2010 WL 3386013, at *2 (W.D. Mich. June 3, 2010) (recommending dismissal for failure to prosecute where plaintiffs did not retain counsel to pursue claims on behalf of minor child by the court's deadline and they did

8

not "seek an extension of time to locate an attorney"), *report and recommendation adopted by* 2010 WL 3386021 (W.D. Mich. Aug. 24, 2010).

### B. Prejudice

The Sixth Circuit has held that "[a] defendant is prejudiced by a plaintiff's dilatory conduct if the defendant is 'required to waste time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide.'" *Carpenter*, 723 F.3d at 707 (second alteration in original) (quoting *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368 (6th Cir. 1997)); *see also Schafer*, 529 F.3d at 739 (same). Such prejudice typically arises in the discovery context. *See, e.g.*, *Harmon*, 110 F.3d at 368 (finding prejudice where plaintiff failed to respond to defendant's interrogatories and a related motion to compel); *Wright v. City of Germantown*, No. 11-02607, 2013 WL 1729105, at *2 (W.D. Tenn. Apr. 22, 2013) (finding prejudice where defendant "expended time and money pursuing [plaintiff's] required initial disclosures and deposition testimony"). Notably, time and effort spent on "typical steps in the early stages of litigation[,]" such as answering a complaint or filing pretrial motions to advance the defendant's position, are not actions "necessitated by any lack of cooperation" and therefore do not weigh in favor of dismissal for failure to prosecute. *Schafer*, 529 F.3d at 739. The Sixth Circuit explained in *Schafer v. City of Defiance Police Department* that "[i]f such efforts . . . [were] alone sufficient to establish prejudice," for the purpose of Rule 41(b), "then every defendant who answers a complaint and responds minimally to a lawsuit would be able to claim prejudice[,]" a "result [that] would defy common sense." 529 F.3d at 740.

The defendants have answered the complaint and filed a motion for summary judgment. (Doc. Nos. 12, 16.) Those steps are typical of the early stages of litigation and were not occasioned by Cole's failure to retain counsel. *See Schafer*, 529 F.3d at 739. This factor weighs against dismissal.

9

### C. Prior Notice

Whether a party was warned that failure to cooperate could lead to dismissal "is a 'key consideration'" in the Rule 41(b) analysis. *Schafer*, 529 F.3d at 740 (quoting *Stough*, 138 F.3d at 615). Here, the Court explicitly warned Cole that failure to retain counsel by the January 10, 2020 deadline could lead to a recommendation that the § 1983 claims he asserts on behalf of his son's estate be dismissed without prejudice for failure to prosecute. (Doc. No. 29.) This factor weighs in favor of dismissal.

### D. Appropriateness of Other Sanctions

Although the Court could extend the deadline for Cole to retain counsel, Cole has not asked for an extension or indicated that an extension of the deadline would be beneficial. Dismissal without prejudice is therefore the appropriate action at this juncture. *See Simmons*, 2010 WL 3386013, at *2 (recommending dismissal without prejudice of claims brought by pro se plaintiffs on behalf of minor child where plaintiffs failed to retain counsel by the court's deadline and had not requested an extension); *Lownsberry*, 2007 WL 9770262, at *2 (finding that dismissal without prejudice was appropriate sanction where pro se plaintiff had failed to retain counsel to pursue claims on behalf of her son).

## III. Cole's State-Law Wrongful Death Claims

Given that dismissal of Cole's § 1983 claims is warranted, the Court must determine whether to continue to exercise supplemental jurisdiction over the remaining wrongful death claims, which do not arise between diverse parties.[4] Under 28 U.S.C. § 1367, a district court has discretion to decline to exercise supplemental jurisdiction over a state-law claim when it "has

---

[4] According to Cole's complaint, he and Wiley are residents of Tennessee. (Doc. No. 1.) Cole does not plead Jones's residency, but even if she lived out of state, there would not be complete diversity among the parties.

dismissed all claims over which it has original jurisdiction[.]" 28 U.S.C. § 1367(c)(3). Courts exercising that discretion "consider and weigh several factors, including the 'values of judicial economy, convenience, fairness, and comity.'" *Gamel v. City of Cincinnati*, 625 F.3d 949, 951–52 (6th Cir. 2010) (quoting *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)). When all federal claims have been dismissed before trial, these factors usually weigh in favor of dismissing the state-law claims so that they can be pursued in state court. *Id.* at 952 (quoting *Musson Theatrical, Inc. v. Fed. Express Corp.*, 89 F.3d 1244, 1254–55 (6th Cir. 1996)). Completion of discovery and the existence of a ripe summary judgment motion can weigh against that outcome. *Id.* (citing *Harper v. AutoAlliance Int'l, Inc.*, 392 F.3d 195 (6th Cir. 2004)).

Here, although discovery has closed and the defendants' motion for summary judgment is ripe for decision, that motion does not address the unresolved issue of whether Cole is the proper party to prosecute the wrongful death claims. In Tennessee, a wrongful death claim is not brought on behalf of the decedent and, instead, passes to a designated statutory beneficiary who asserts the claim on behalf of himself and any other statutory beneficiaries. *Beard v. Branson*, 528 S.W.3d 487, 502 (Tenn. 2017) (citing Tenn. Code Ann. § 20-5-106(a)). "[T]he superior right to bring a wrongful death action falls first to a surviving spouse, then to any children, then to a parent, then to a sibling, then to a grandparent." *Haynes*, 2017 WL 1421220, at *4 (citing Tenn. Code Ann. § 31-2-104). Citing those rules, the Court ordered Cole to show that he is the appropriate person to prosecute the wrongful death claims he asserts. In response to that order, Cole stated only that he is Rodney Cole, Jr.'s father, leaving open the possibility that Cole's son is survived by a spouse and/or a child, either of whom would have a superior right to control the claims.

Given the uncertainty surrounding Cole's right to prosecute the wrongful death claims, retaining supplemental jurisdiction to address the merits of defendants' summary judgment motion

would not be fair to any beneficiaries with a superior right to control those claims, nor would it serve the interests of judicial economy or convenience. Resolution of this uncertainty is better pursued in state court, and this Court should decline to exercise supplemental jurisdiction. *See May v. Franklin Cty. Comm'rs*, 437 F.3d 579, 580, 586–87 (6th Cir. 2006) (affirming dismissal of § 1983 claim and remand of remaining wrongful death claim even though discovery had ended and defendants had moved for summary judgment on wrongful death claim); *Lipman v. Budish*, 383 F. Supp. 3d 764, 778–79 (N.D. Ohio 2019) (declining to exercise supplemental jurisdiction over wrongful death claim after dismissing § 1983 claims); *Gant v. Bowles*, No. 3:05-0949, 2005 WL 2994443, at *5 (M.D. Tenn. Nov. 3, 2005) (same).

## IV. Recommendation

For the foregoing reasons, the Magistrate Judge RECOMMENDS that the § 1983 claims that Cole asserts on behalf of his son's estate be DISMISSED WITHOUT PREJUDICE for failure to prosecute; that the Court decline to exercise supplemental jurisdiction over Cole's remaining state-law wrongful death claims and that those claims be DISMISSED WITHOUT PREJUDICE; and that the Court find defendants' motion for summary judgment (Doc. No. 16) MOOT.

Any party has fourteen days after being served with this report and recommendation to file specific written objections. Failure to file specific objections within fourteen days of receipt of this report and recommendation can constitute a waiver of appeal of the matters decided. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). A party who opposes any objections that are filed may file a response within fourteen days after being served with the objections. Fed. R. Civ. P. 72(b)(2).

Entered this 28th day of January, 2020.

ALISTAIR E. NEWBERN
United States Magistrate Judge